# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30453
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRA PARKMAN THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-243-2

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Sandra Parkman Thompson appeals from the district court's denial of her motion to dismiss the indictment on double jeopardy grounds. We review the district court's denial of her motion de novo. *United States v. Jones*, 733 F.3d 574, 579-80 (5th Cir. 2013). We will accept the district court's underlying factual findings unless they are clearly erroneous. *Id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30453

Thompson and her co-defendant, Tracy Richardson Brown, were charged with one count of conspiring to commit Medicare fraud in violation of 18 U.S.C. § 1349; one count of conspiring to pay and receive illegal remunerations in violation of 18 U.S.C. § 371; nine counts of health care fraud in violation of 18 U.S.C. §§ 2 & 1347; and seven counts of paying and receiving illegal remuneration in violation of 42 U.S.C. §§ 1320a-7b(b)(1)(A) & (b)(2)(A). The indictment alleged that Thompson participated in a scheme by which Brown, the owner of a durable medical equipment (DME) company called Psalms 23 DME, LLC (Psalms 23), improperly charged Medicare for equipment that beneficiaries either received but did not need or did not receive. Previously, in the Middle District of Louisiana, Thompson was found guilty of 15 counts of health care fraud and one count of conspiring to pay and receive illegal remuneration as a result of her participation in a scheme through which Young Okoro Anyanwu, the owner of Lobdale Medical Services, LLC (Lobdale), improperly charged Medicare for DME that beneficiaries either received but did not need or did not receive.

In her motion to dismiss the indictment, Thompson argued that her indictment in this case charged the same offenses of which she had been convicted in the Lobdale prosecution. The district court denied the motion and, in considering Thompson's conspiracy charges, properly relied on the five-factor test articulated in *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978), *overruled on other grounds, United States v. Rodriguez*, 612 F.2d 906, 919 & n.35 (5th Cir. 1980). It evaluated the conspiracy charges in both indictments in terms of:

> 1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in the indictments; 4) the overt acts charged by the government or any other description of the offense charged that indicates the nature and scope of the activity that the

government sought to punish in each case; and 5) places where the events alleged as part of the conspiracy took place.

*Id.* at 154.  The district court concluded that the conspiracy charges did not violate the Double Jeopardy Clause because the factors indicating the existence of a single conspiracy spanning both indictments were outweighed by the factors supporting a finding that Thompson was involved in two separate conspiracies.  Pursuant to *Abney v. United States*, 431 U.S. 651 (1977), the district court certified that Thompson's nonfrivolous basis for her motion rendered its denial an appealable final order.

Thompson has not shown error in the district court's denial of her motion to dismiss the substantive charges or the conspiracy charges in her indictment. Thompson's primary argument is that the district court erred by interpreting *Jones*, 733 F.3d at 581-82, as signifying that, in cases involving health care fraud, the DME provider is always the "central organizing figure" for purposes of the second *Marable* factor.  Regardless of whether the district court misconstrued *Jones* as setting forth such a proposition in every case, the district court's analysis in comparing the relevant aspects in this case with those at issue in *Jones* shows that it did not clearly err in finding that the DME providers were the "central organizing figures" in both the Psalms 23 and Lobdale conspiracies.  After consideration of all five factors, we agree with the district court's conclusion that the first and third factors, which might indicate the existence of a single conspiracy, are outweighed by the remaining factors, which show that Thompson was involved in two separate conspiracies.

Accordingly, we AFFIRM the district court's denial of Thompson's motion to dismiss the indictment on double jeopardy grounds.